# United States Court of Appeals for the Fifth Circuit

_____

No. 23-30615
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2023

Lyle W. Cayce
Clerk

Minh Vo,

*Plaintiff—Appellant*,

*versus*

Entergy Company; City Sewer,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-255

_____

Before Clement, Elrod, and Ho, *Circuit Judges*.

Per Curiam:[*]

Minh Vo appeals the district court's order dismissing his amended complaint for lack of subject-matter jurisdiction. For the following reasons, we AFFIRM.

Vo and his family live in Baton Rouge, Louisiana. Vo's *pro se* amended complaint alleges that Entergy Company and City Sewer damaged the sewer

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

system in the backyard of his home which caused his toilets to overflow and flooded areas of his home. Vo alleges that the flooding led to mold, which, in turn, caused heath issues for him and his family.

On the district court's fillable form for *pro se* complaints, the first item reads: "State the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional provisions, if you know them)." Vo left the answer box underneath this item blank. On the line for listing defendants, Vo stated that Entergy Company is a business located in Alabama and City Sewer is a business located in Louisiana.

The district court dismissed the amended complaint for lack of subject-matter jurisdiction. First, the court held that Vo had failed to establish federal-question jurisdiction because the amended complaint did not identify any federal law that had allegedly been violated nor did the factual allegations therein establish a colorable issue of federal law. Second, the court held that it lacked diversity jurisdiction because, as pled, the parties were not completely diverse—Vo and City Sewer were both citizens of Louisiana.[1] We agree with the district court's reasoning in its entirety. Vo remains free to pursue his claims in state court, subject, of course, to any applicable statutes of limitation.

AFFIRMED.

---

[1] The court also noted that, based on the public records of the Louisiana Secretary of State, it appeared that Entergy was a Louisiana citizen as well.